IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO NOGUESDA-PINO,<br><br>Defendant. | No. CR-11-00704 RMW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE FIFTH AMENDMENT DUE PROCESS RIGHT AND SIXTH AMENDMENT SPEEDY TRIAL RIGHT**<br><br>**[Re Docket No. 17]** |

Defendant Nogueda-Pino moves to dismiss the indictment for the alleged violation of his due process and speedy trial rights. He bases his motion on the alleged violation of his Fifth and Sixth Amendment rights. The court has read the moving and responding papers and heard the argument of counsel. The court denies the motion.

## I. Background

A chronology of the critical procedural events of this case is:

**August 24, 2009**: Nogueda, an alleged alien, arrested and taken into custody in Santa Clara County for child molestation offenses

**August 26, 2009**: State criminal charges instituted

**September 16, 2009**: Nogueda convicted of four counts of lewd and lascivious acts on a child under the age of 14

**October 5, 2009**: Immigration Enforcement Agent interrogates Nogueda about his alienage and illegal status

**May 5, 2010**: Nogueda sentenced to 32 years in State prison; custody thereafter transferred to California Department of Corrections

**August 30, 2011**: United States attorney files criminal complaint charging Nogueda with a violation of 8 U.S.C. § 1326 (illegal reentry following deportation)

**September 28, 2011**: Nogueda indicted in the Northern District of California for violating 8 U.S.C. § 1326 (illegal reentry following deportation)

**September 20, 2012**: Writ of habeas corpus ad prosequendum issued to bring Nogueda to federal court

**October 25, 2012**: Nogueda makes first appearance in federal court

**January 22, 2013**: Trial date

## II. Analysis

Nogueda asserts that the delay between August 24, 2009, the date defendant treats as the date on which defendant committed his illegal re-entry offense, and September 28, 2011, the date of his indictment, was excessive and entitles him to dismissal of the indictment.

In *United States v. Martinez*, 77 F.3d 332 (9th Cir. 1996), the court recognized in reversing a dismissal for pre-indictment delay that a defendant has a heavy burden to show prejudice before an indictment may be dismissed for pre-indictment delay.

> On a motion to dismiss an indictment for preindictment delay, the district court cannot balance the reasons for delay against prejudice, until first deciding that prejudice has been sufficiently proved. The task of establishing the requisite prejudice for a possible due process violation is "so heavy" that we have found only two cases since 1975 in which any circuit has upheld a due process claim. . . . The statute of limitations, not the due process clause, is generally the protection against preindictment delay. The defendant's proof of "actual prejudice" must be "definite and not speculative." Even if there is prejudice, it must, when balanced against the government's reasons for delay, offend those fundamental conceptions of justice which lie at the base of our civil and political institutions.

*Id.* at 335 (internal citations and quotation marks omitted).

Here, defendant has not shown any actual prejudice and it is difficult to speculate how he could have been prejudiced. Further, the indictment was returned well within the five-year statute of limitations. *See* 18 U.S.C. § 3282.

For the reasons stated, the court denies defendant's motion to dismiss the indictment for pre-indictment delay.

### A. Post-Indictment Delay

Nogueda asserts that the delay from September 28, 2011, the date of his indictment, to the present has been excessive and entitles him to dismissal of the indictment. The defendant is particularly critical of the United States Attorney's Office in San Jose because it failed to promptly file a detainer or obtain defendant's appearance in federal court in accordance with 18 U.S.C. § 3161(j)(1), which provides:

> If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall---
> (A) undertake to obtain the presence of the prisoner for trial; or
> (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

Courts have found that a four factor analysis is appropriate in determining whether a case should be dismissed for post-indictment delay: (1) whether delay before trial was uncommonly long, (2) whether the government or the defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether the defendant suffered prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992). The first factor involves a double inquiry. Simply to trigger a speedy trial analysis, a defendant must show a threshold amount of delay. *Id.* at 651-52. "If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. . . . the presumption that pretrial delay has prejudiced the accused intensifies over time." *Id.* Courts generally have found that delays approaching one year meet the threshold and are presumptively prejudicial. *See, e.g., United States v. Gregory*, 322 F.3d 1157, 1161-62 (2003). Where the delay is not significantly greater than the threshold and the government's blameworthiness was not unusually great, the defendant then must present evidence of actual prejudice. *See United States v. Gonzalez-Avina*, No. 06-00004, 2006 WL 618644, *2 (N.D. Cal. Mar. 10, 2006).

In the present case, the delay is not significantly greater than the threshold. However, since the threshold has been met and prejudice is presumed and the other two factors weigh in defendant's favor, the defense contends the indictment should be dismissed. Defendant asked for a speedy trial from the date he was first brought to federal court.

Defendant asserts that the U.S. Attorney's office deliberate failure to timely comply with its obligations under 18 U.S.C. § 3161(j)(1) in illegal immigration cases supports dismissal of the indictment. Although it seems fair to consider the failure in evaluating the Government's degree of culpability in causing the delay, dismissal is not a remedy for a violation of § 3161(j)(1). *See United States v. Valentine*, 783 F.2d. 1413, 1415 (9th Cir. 1986); *United States v. Lualemaga*, 280 F.3d 1260, 1264 (9th Cir. 2002). The remedy, if needed, is a disciplinary or monetary sanction. *See Valentine*, 783 F.2d at 1416.

The court finds that in balancing the factors to be considered in deciding whether to dismiss the indictment that defendant has met the threshold of delay sufficient to raise a presumption of prejudice, that the delay is attributable to the Government, and that the defendant demanded a speedy trial as soon as he learned of the indictment. The government's delay was intentional in the sense that the San Jose Branch of the U.S. Attorney's office apparently had a policy of not complying with 18 U.S.C. § 3161(j)(1) in cases where charged illegal re-entry defendants were serving state sentences. However, the Government did not choose to ignore its obligations in bad faith or for the specific purpose of penalizing Nogueda by impairing his ability to present a defense.

The court finds that since defendant has met the threshold for showing prejudice, the question of whether defendant has suffered actual prejudice is critical. *See Gregory*, 322 F.3d at 1162-63; *Gonzalez-Avina*, 2006 WL 618644, *2. Three types of actual prejudice are generally considered: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired. *Gregory*, 322 F.3d at 1163. Defendant has not shown that he has suffered any type of actual prejudice. He has been incarcerated in a state facility on a lengthy state sentence. It seems speculative that he will end up serving more total time as a result of the delay in bringing the federal charges and any concern in that regard can be addressed at sentencing, if he is convicted. *See id.*; *Gonzalez-Avina*, 2006 WL 618644, *5.

The court's conclusion that dismissal is not appropriate is confirmed by looking at the results of Supreme Court, Ninth Circuit and Northern District cases discussing the question of whether an indictment should be dismissed for excessive post-indictment delay. The facts of the instant case are more analogous with the cases where dismissal has not been found appropriate. A sampling of such cases follows:

| Case | Length of Delay | Result |
| --- | --- | --- |
| *Doggett v. United States*, 505 U.S. 647 (1992) | 8½ years | Conviction reversed. 6th Amendment speedy trial violation |
| *United States v. Beamon*, 992 F.2d 1009 (9th Cir. 2003) | 17 months; 20 months (two defendants) | Convictions affirmed. No speedy trial violation |
| *United States v. Gregory*, 322 F.3d 1157 (9th Cir. 2003) | 22 months | Dismissal reversed. No 6th Amendment speedy trial violation |
| *United States v. Mendoza,* 530 F.3d 758 (9th Cir.) | 10 years | Conviction reversed. 6th Amendment speedy trial violation |
| *United States v. Liersch*, 2006 WL 6469421(S.D. Cal. June 26, 2006) | 26 months | Motion to dismiss for 6th Amendment speedy trial violation denied |
| *United States v,. Gonzalez-Avina,* 2006 WL 618644 (N.D. Cal. Mar. 10, 2006) | 20 months | Motion to dismiss for 6th Amendment speedy trial violation denied |

For the reasons discussed, defendant's motion to dismiss based upon post-indictment delay is denied.

DATED: December 6, 2012

RONALD M. WHYTE
United States District Judge